Brian E. Goldberg                                              E-filed: April 28, 2015
Assistant United States Trustee
State Bar # NY 3960952
*brian.goldberg@usdoj.gov*

Athanasios E. Agelakopoulos, Trial Attorney
State Bar Numbers: GA 253634; DE 4491
*athanasios.agelakopoulos@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600 Ext. 224
Fax: (702) 388-6658

**Attorneys for the United States Trustee for Region 17**
          **TRACY HOPE DAVIS**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-S-11-11642—LED |
| Timothy Lee Pittsenbarger | Chapter 7 |
| Debtor. | |
| Tracy Hope Davis, United States Trustee, Plaintiff | Adversary Proceeding No. _____ |
| vs. | |
| Timothy Lee Pittsenbarger | |
| Defendant | |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(4)(A) AND 727(c) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4004**

Tracy Hope Davis, solely in her capacity as the United States Trustee for Region 17 (the "United States Trustee" or "Plaintiff") and as Plaintiff in this adversary proceeding, by and

1

through her undersigned counsel, states as follows for her complaint objecting to the discharge of captioned debtor Timothy Lee Pittsenbarger (the "Defendant") pursuant to 11 U.S.C. §§ 727(a)(4)(A) and 727(c) and Rule 4004 of the Federal Rules of Bankruptcy Procedure (the "Complaint"):

## PARTIES

1. Plaintiff, Tracy Hope Davis, is the United States Trustee for Region 17. She files this Complaint solely in that capacity, by and through her undersigned counsel, and she has the authority and standing to do so pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

2. Defendant Timothy Lee Pittsenbarger is a resident of the State of Nevada. Defendant is also the debtor in the captioned chapter 7 bankruptcy case filed by Defendant in the United States Bankruptcy Court for the District of Nevada [Bankr. D. Nev. Feb. 4, 2011; Case No. 11-11642—LED] that gives rise to this adversary proceeding.

## JURISDICTION AND VENUE

3. The above-entitled United States Bankruptcy Court (the "Court") has jurisdiction of the adversary proceeding (the "Adversary Proceeding") initiated by Plaintiff's Complaint pursuant to 28 U.S.C. §§ 157(a) & 1334(b) and 1334(e), 11 U.S.C. § 727 and the order of reference set forth in Local Rule 1001(b)(1) of the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada (the "Local Rules").

4. The Adversary Proceeding arises under title 11 and arises in a case under title 11 pending before the Court. Said bankruptcy case of Defendant Timothy Lee Pittsenbarger is a chapter 7 bankruptcy case bearing Case No. 11-11642—LED and is pending before this Court.

5. The Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

6. In accordance with the requirements of L.R. 7008.1(a), Plaintiff consents to entry of final orders or judgment by the bankruptcy judge assigned to this case if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

7. Venue of the Adversary Proceeding in this judicial district is appropriate pursuant to 28 U.S.C. § 1409(a).

## **ALLEGATIONS OF FACT**

8. On February 4, 2011, Defendant commenced his main bankruptcy case (Bankr. D. Nev.; Case No. 11-11642—LED) (the "Main Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). (Main Case ECF No. 1).

9. Defendant's voluntary petition for relief bears Defendant's electronic signature. (Main Case; ECF No. 1; pg. 3 of 47). Defendant certified the veracity of the information set forth in his bankruptcy petition by signing his petition under penalty of perjury.

10. As provided in 28 U.S.C. § 1746, such certification by Defendant on his bankruptcy petition had like force and effect as an oath.

11. Accompanying Defendant's voluntary petition for relief were Defendant's Schedules of Assets and Liabilities, as well as the "Declaration Concerning Debtor's Schedules" (collectively, the "Schedules"). (Main Case; ECF No. 1; pgs. 13-35 of 47).

12. Defendant's "Declaration Concerning Debtor's Schedules" bears Defendant's electronic signature. (Main Case; ECF No. 1; pg. 35 of 47). Defendant certified the veracity of

3

the information set forth in the Schedules by signing the "Declaration Concerning Debtor's Schedules" under penalty of perjury. (Main Case; ECF No. 1; pg. 35 of 47).

13. As provided in 28 U.S.C. § 1746, such certification by Defendant on the "Declaration Concerning Debtor's Schedules" had like force and effect as an oath.

14. Defendant's Schedules, as originally filed, claimed as exempt funds totaling $235,601.38 (the "Non-Exempt Funds"). (Main Case; ECF No. 1; pg. 18 of 47).

15. Defendant's exemption claim with respect to the Non-Exempt Funds on his Schedules, as originally filed, constitutes a false oath made by Defendant knowingly and fraudulently within the meaning of 11 U.S.C. § 727(a)(4)(A).

16. On April 28, 2011, Defendant filed, among other amendments, an amended version of Schedule C. (Main Case; ECF No. 25; pg. 4 of 8). Accompanying Defendant's amendment to Schedule C was a document entitled, "Declaration Concerning Debtor's Schedules—Amended." (Main Case; ECF No. 25; pg. 8 of 8).

17. The "Declaration Concerning Debtor's Schedules—Amended" bears Defendant's electronic signature. (*Id.*). Defendant certified the veracity of the information set forth in the amended version of Schedule C by signing the "Declaration Concerning Debtor's Schedules—Amended" under penalty of perjury. (Main Case; ECF No. 25; pg. 8 of 8).

18. As provided in 28 U.S.C. § 1746, such certification by Defendant on the "Declaration Concerning Debtor's Schedules—Amended" had like force and effect as an oath.

19. Defendant's exemption claim with respect to the Non-Exempt Funds on his amended Schedule C constitutes a false oath made by Defendant knowingly and fraudulently within the meaning of 11 U.S.C. § 727(a)(4)(A).

20. By the admission of both Defendant and his counsel of record in this case at the meeting of creditors held, pursuant to 11 U.S.C. §§ 341 and 343, on March 22, 2012, the Non-Exempt Funds do not qualify as exempt under N.R.S. 21.090(1)(r) as repeatedly claimed by Defendant throughout this case in his sworn Schedules, both as originally filed and periodically amended, throughout the Main Case.

21. After having failed to appear at multiple meetings of creditors as required by 11 U.S.C. §§ 341 and 343 while the Main Case was pending under chapter 11 of the Bankruptcy Code, Defendant finally appeared with his counsel at the March 22, 2012 meeting of creditors. During this time period, Defendant served as a debtor in possession and estate fiduciary within the meaning of 11 U.S.C. §§ 1101(1), 1107 and 1108.

22. At that meeting, Defendant admitted that he had improperly claimed an exemption with respect to the Non-Exempt Funds. Defendant's counsel of record concurred with Defendant and acknowledged that Defendant was not entitled to exempt the Non-Exempt Funds under N.R.S. § 21.090(1)(r).

23. Defendant testified and his counsel of record stated on the record, furthermore, at the March 22, 2012 meeting of creditors that, in an effort to help rectify this problem, Defendant's Schedule C would be amended to strike Defendant's claimed exemption with respect to the Non-Exempt Funds. Defendant's counsel of record committed to having that promised amendment to Defendant's Schedule C, both originally filed and as amended, on file with the Bankruptcy Court within approximately one week from the March 22, 2012 meeting of creditors.

24. On October 2, 2012, Defendant filed his chapter 11 disclosure statement. (Main Case; ECF No. 85). Notwithstanding Defendant's sworn testimony at the March 22, 2012 meeting of creditors that Defendant was not entitled to exempt the Non-Exempt Funds under N.R.S. § 21.090(1)(r), Defendant falsely disclosed in his disclosure statement that unsecured creditors in this case were unlikely to receive payment of an estate dividend in a liquidation of Defendant's chapter 7 estate because, according to Defendant, "Most of [Defendant's] assets are exempt under the bankruptcy code." (Main Case; ECF No. 85; pg. 25 of 45).

25. Undersigned counsel for Plaintiff filed an objection to Defendant's disclosure statement on November 14, 2012. (Main Case; ECF No. 93). The objection to Defendant's disclosure statement is incorporate *in haec verba*.

26. The disclosure statement objection argued that approval of Defendant's disclosure statement was unwarranted because Defendant would not be able, based upon the materially false statements contained in the disclosure statement regarding the Non-Exempt Funds that directly contradicted both Defendant's sworn testimony and the admission of his counsel of record at the March 22, 2012 meeting of creditors, to satisfy the requirements of 11 U.S.C. §§ 1129(a)(2) and 1129(a)(3) at plan confirmation. (Main Case; ECF No. 93; pg. 3 of 6; ¶ 9).

27. The objection to Defendant's chapter 11 disclosure statement argued, in relevant part, "Here, [Defendant] cannot be said to have turned square corners by putting forth the Disclosure Statement that includes a statement that directly contradicts [Defendant's] testimony and statement of [Defendant's] counsel at the March 22, 2012 meeting of creditors." (Main Case; ECF No. 93; pg. 4 of 6; ¶ 12).

6

28. By order of the Bankruptcy Court dated January 2, 2013, Plaintiff's objection to Defendant's chapter 11 disclosure statement was sustained, and approval of Defendant's disclosure statement was denied. (Main Case; ECF No. 99; pg. 2 of 3).

29. On February 13, 2014, Plaintiff filed a motion to convert the Main Case from a case under chapter 11 to a case under chapter 7 of the Bankruptcy Code. (Main Case; ECF No. 121). Plaintiff's motion to convert the Main Case to a case under chapter 7 of the Bankruptcy Code was granted on March 20, 2014. (Main Case; ECF No. 127).

30. In the intervening time period between the Bankruptcy Court's denial of Defendant's chapter 11 disclosure statement and the entry of the Bankruptcy Court's order converting the Main Case to a case under chapter 7 of the Bankruptcy Code, the Bankruptcy Court's official docket in this case does not reflect the filing of any schedule amendment by Defendant to strike Defendant's improper exemption claim with respect to the Non-Exempt Funds. (*See* Main Case Docket).

31. On the contrary, Defendant filed amended versions of Schedules I and J, following entry of the Bankruptcy Court's conversion order on April 15, 2014. (Main Case; ECF No. 134). Defendant's schedule amendments filed on that date did not include an amendment to Schedule C striking Defendant's improper exemption claim regarding the Non-Exempt Funds under N.R.S. § 21.090(1)(r) in accordance with Defendant's sworn testimony and the admission of Defendant's counsel at the March 22, 2012 meeting of creditors. (*Id.*).

32. Contrary to Defendant's sworn testimony at the March 22, 2012 meeting of creditors in the Main Case, Defendant recently claimed that the Non-Exempt Funds are exempt in an amended version of Schedule C filed by Defendant on December 17, 2014. (Main Case;

7

ECF No. 152; pg. 4 of 9).  Defendant's amended version of Schedule C filed on December 17, 2014 was accompanied by the "Declaration Concerning Debtor's Schedules—Amended."  (Main Case; ECF No. 152; pg. 9 of 9).

33.     The Declaration Concerning Debtor's Schedules—Amended that accompanied the amended version of Schedule C filed by Defendant on December 17, 2014 bears Defendant's electronic signature.  (Main Case; ECF No. 152; pg. 9 of 9).

34.     Defendant certified the veracity of the information set forth in the amended Schedule C filed on December 17, 2014 by signing the "Declaration Concerning Debtor's Schedules—Amended" under penalty of perjury.  (Main Case; ECF No. 152; pg. 9 of 9).

35.     As provided in 28 U.S.C. § 1746, such certification by Defendant on the "Declaration Concerning Debtor's Schedules—Amended" had like force and effect as an oath.

36.     Defendant's exemption claims with respect to the Non-Exempt Funds on his Schedules, as originally filed and as amended, constitute false oaths made by Defendant knowingly and fraudulently within the meaning of 11 U.S.C. § 727(a)(4)(A).

37.     Defendant's discharge should, therefore, be denied under 11 U.S.C. § 727(a)(4)(A).

## CAUSE OF ACTION

### COUNT 1

**DENIAL OF DEFENDANT'S DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)**

38.     Paragraphs 1 through 37 of this Complaint are incorporated into this paragraph by this reference in their entirety.

39. Defendant certified the veracity of the information included in his Schedules, including Schedule C, both as originally filed and as amended by Defendant, under penalty of perjury.

40. As provided in 28 U.S.C. § 1746, such certifications by Defendant on his Schedules, including Schedule C, both as originally filed and as amended by Defendant, had like force and effect as an oath.

41. Defendant's Schedule C, both as originally filed and as amended, has falsely claimed an exemption under N.R.S. § 21.090(1)(r) with respect to the Non-Exempt Funds.

42. Notwithstanding Defendant's sworn testimony at the March 22, 2012 meeting of creditors, as well as the admission by Defendant's counsel of record at that same meeting, Defendant has continued to assert falsely in his Schedule C, both as originally filed and as amended, that the Non-Exempt Funds are exempt.

43. Defendant's exemption claims with respect to the Non-Exempt Funds on his Schedules, as originally filed and as amended, constitute false oaths made by Defendant knowingly and fraudulently within the meaning of 11 U.S.C. § 727(a)(4)(A).

44. Defendant's false oaths in all matters included as part of this Count of the Complaint relate to material facts because such false statements have impaired the ability of Plaintiff, the case trustee and creditors to ascertain the true extent of any assets that may be available to satisfy the claims of creditors in Defendant's chapter 7 bankruptcy case.

45. Defendant's false oaths with respect to Schedule C, both as originally filed and as amended, also deprived creditors and the case trustee of valuable insights into Defendant's

business transactions, dealings, financial affairs, and the availability of Defendant's assets to satisfy the claims of creditors.

46. Defendant's failure to amend his Schedule C to strike Defendant's false exemption claim with respect to the Non-Exempt Fund and Defendant's filing of several amendments to Schedule C in which Defendant falsely claims an exemption with respect to the Non-Exempt Funds establishes a pattern of falsity, reckless indifference to and disregard of the truth, and a course of conduct favoring denial of discharge under 11 U.S.C. § 727(a)(4)(A).

47. Defendant's false statements included as part of this Count of the Complaint related to material facts due to their bearing upon Defendant's business transactions, the existence of potential estate assets, or other potential sources of recovery.

48. Defendant made the false statements included in this Count of the Complaint knowingly and fraudulently.

49. Defendant deliberately and consciously signed his Schedules and amendments thereto while knowing that information contained within those sworn documents was false.

50. Finally, Defendant made the statements complained of this Count of the Complaint with fraudulent intent.

51. Defendant made each of the false statements included as part of this Count of the Complaint.

52. Defendant knew at the time he made such statements that they were false.

53. Defendant made the statements complained of in this Count of the Complaint with the intention and purpose of deceiving his creditors and hampering the case trustee's estate and case administration efforts.

54. Defendant's failure to amend his Schedules throughout the Main Case to conform to Defendant's sworn testimony at the March 22, 2012 meeting of creditors and the admission of Defendant's counsel of record made at that same meeting, establishes a pattern of falsity, reckless indifference to and disregard of the truth, and a course of conduct favoring denial of discharge under 11 U.S.C. § 727(a)(4)(A). Such facts support the finding of fraudulent intent on the part of Defendant.

55. Defendant's discharge should, therefore, be denied pursuant to 11 U.S.C. § 727(a)(4)(A) for committing acts proscribed by 11 U.S.C. § 727(a)(4)(A).

**WHEREFORE**, the Plaintiff requests that the Court enter an order and judgment sustaining Plaintiff's objection and denying the Defendant's discharge under sections 727(a)(4)(A) and 727(c) and Federal Rule of Bankruptcy Procedure 4004.

Dated: Las Vegas, Nevada

April 28, 2015                     Respectfully submitted,

                                                TRACY HOPE DAVIS
                                                UNITED STATES TRUSTEE

By: /s/ *Athanasios E. Agelakopoulos*
      Athanasios E. Agelakopoulos
      Attorney for the United States Trustee
      United States Department of Justice
      300 Las Vegas Blvd. South, Suite 4300
      Las Vegas, Nevada 89101
      Telephone: (702) 388-6600 ext. 224
      *athanasios.agelakopoulos@usdoj.gov*