Brian E. Goldberg
Assistant United States Trustee
State Bar # NY 3960952
*brian.goldberg@usdoj.gov*

Athanasios E. Agelakopoulos, Trial Attorney
State Bar Numbers: GA 253634; DE 4491
*athanasios.agelakopoulos@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600 Ext. 224
Fax: (702) 388-6658

**Attorneys for the United States Trustee for Region 17
        TRACY HOPE DAVIS**

E-filed: September 19, 2016

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>Timothy Lee Pittsenbarger<br><br>                    Debtor. | Case No. BK-S-11-11642-LED<br><br>Chapter 7 |
| Tracy Hope Davis, United States Trustee,<br>                    Plaintiff<br><br>vs.<br><br>Timothy Lee Pittsenbarger<br>                    Defendant | Adversary Proceeding No. 15-01051-LED |

**PLAINTIFF'S TRIAL STATEMENT SUBMITTED PURSUANT TO THE ORDER
REGARDING PRETRIAL AND TRIAL MATTERS (ECF NO. 19)**

To: The Honorable Laurel E. Davis, United States Bankruptcy Judge:

1

Tracy Hope Davis, the United States Trustee for Region 17 (the "United States Trustee" or "Plaintiff"), solely in her capacity as the United States Trustee, hereby submits her pretrial statement pursuant to the *Order regarding Pretrial and Trial Matters* (ECF No. 19) (the "Order") as follows:

*Preliminary Statement*

Defendant is presently without counsel in this adversary proceeding. (Adv. Pro. No. 15-01051—LED; ECF Nos. 13 & 18). Former counsel's motion to withdraw was premised on the lack of prejudice to any Party in this proceeding, as well as the representation that the above-captioned defendant, Timothy Lee Pittsenbarger (the "Defendant"), was in the process of obtaining the assistance of substitute counsel. After citing the prohibition in the Local Rules against permitting withdrawals where discovery, trial, or any hearing would result, former counsel's motion represented that, "Here, no delay *of any kind* will result from Piet & Wright's withdrawal because Debtor is in the process of seeking outside counsel to further represent him in this matter. Piet & Wright's withdrawal *will not prejudice either party or delay any proceeding in this matter*." (Adv. Pro. No. 15-01051—LED; ECF No. 13; pgs. 2-3 of 4). (emphasis added). Unfortunately, the possibility exists that both Parties here may have experienced some measure of prejudice from the withdrawal of former counsel. A brief explanation is in order.

Plaintiff commenced this adversary proceeding by filing here complaint under 11 U.S.C. § 727(a)(4)(A) against Defendant on April 28, 2015. (Adv. Pro. No. 15-01051—LED; ECF No. 1). Defendant was served with process on or about May 1, 2015. (Adv. Pro. No. 15-01051—

2

LED; ECF Nos. 3-6).  Pursuant to an extension granted by Plaintiff, Defendant answered Plaintiff's Complaint until June 19, 2015 ("Defendant's 1st Answer").  (ECF No. 7).

Defendant's 1st Answer suffered from two significant defects.  First, Defendant's 1st Answer responded only to the first twenty-seven (27) paragraphs of Plaintiff's fifty-five (55) paragraph complaint, leaving all material allegations in Plaintiff's Complaint admitted.  (Adv. Pro. No. 15-01051—LED; ECF Nos. 1 and 7).  Second, Defendant's 1st Answer identified an individual by the name of "Barclay Emery Smith, Jr.," rather than Defendant, in its prayer for relief.  (Adv. Pro. No. 15-01051—LED; ECF No. 7; pg. 2 of 5).  This raised significant concerns on the part of Plaintiff's undersigned counsel.

Rather than seek entry of judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure and FRBP 7012 and in an effort to provide Defendant with an opportunity to present his case to this Court for an adjudication on the merits, undersigned counsel for Plaintiff communicated these concerns to Defendant's former counsel.  Following those communications, Defendant, with Plaintiff's consent, filed an amended answer (the "Defendant's Amended Answer").  (Adv. Pro. No. 15-01051—LED; ECF No. 9).

Defendant's Amended Answer fared little better in terms of advancing Defendant's interests in this matter; however, with the medical issues facing Defendant's former counsel, as well as former counsel's impending withdrawal from the practice of law altogether (at least as that firm was then constituted), and the anticipated arrival of substitute counsel, nothing has been done to address the material deficiencies in Defendant's Amended Answer.  Namely, Defendant failed to either admit or deny the allegations set forth in paragraph 24 of Plaintiff's Complaint

and admitted the factual allegations contained in paragraphs 20, 22, and 23 of the Complaint. (Adv. Pro. No. 15-01051—LED; ECF No. 9; pgs.1-2 of 2; ¶¶ 1-3).

Coupled with Defendant's later schedule amendments that strike the challenged exemption from Defendant's Schedule C, Plaintiff's case against Defendant is admitted by Defendant, and discovery by Plaintiff is not needed. The potential prejudice to Defendant here is clear. Plaintiff's undersigned counsel has not, to this point, been able to satisfy all requirements under FRBP 7026 in terms of alerting Defendant, who is now acting *pro se*, to these issues. This, in turn, is the potential prejudice to Plaintiff. Despite efforts to communicate with Defendant directly, undersigned counsel's efforts have, thus far, proved unsuccessful. Undersigned counsel and Defendant's former counsel have been engaged in efforts to communicate with one another; however, they have not yet been able to communicate regarding these matters. Understandably, Defendant's former counsel is likely in the process of attending to numerous matters related to his former partner's medical issues and their impact upon their joint legal practice, in addition to any resulting personal toll(s); but, this matter is set for trial, and Plaintiff contends that the Parties are in need of further guidance from the Court.

Absent further developments and assuming Defendant remains unrepresented by counsel in this matter, undersigned counsel will ask the Court to reset the trial calendar in this matter for a trial to take place in mid-to-late January 2017, with a pretrial conference reset for the earlier part of that month. If, however, this matter is to be tried as presently scheduled, Plaintiff respectfully requests that, based upon the particular facts in this case, it be excused from the initial disclosure requirements under FRBP 7026. As an additional basis for this request, Plaintiff notes that all of the evidence upon which Plaintiff intends to rely in this matter consists

4

of (1) Defendant's Amended Answer (and the facts admitted therein), (2) Defendant's materially defective disclosure statement, and (3) Defendant's sworn schedules and amendments thereto. All of these documents originate with, and all of the information contained therein, stems from Defendant himself. Defendant cannot, therefore, credibly claim that he has been prejudiced in this matter if Plaintiff's case in chief at trial is restricted only to these materials. Again, a brief continuance is needed, and any trial on the merits is not anticipated to last more than one hour based upon the present state of the record.

> *I. The disclosures required by Fed. R. Civ. P. 26(a)(3), as adopted by Fed. R. Bankr. P. 7026 and LR 7026.*

**A. Witnesses that Plaintiff intends to call**

Plaintiff will call the following witnesses at trial:

At present, given the fact that Defendant has admitted Plaintiff's case against him as set forth above, Plaintiff does not presently intend to call any witnesses at trial.

**B. Witnesses that Plaintiff may call if the need arises**

1. Timothy Lee Pittsenbarger, Defendant
   8225 Tursi Lodge Court
   Las Vegas, Nevada 89131

Plaintiff hereby expressly reserves the right to call any witnesses designated by Defendant.

> *II. Concise statement of the nature of the action and contentions of the Parties*

**A. Nature of the Action:**

Plaintiff initiated and continues to prosecute the instant adversary proceeding to object to Defendant's chapter 7 discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A) and 727(c) and Rule

5

4004 of the Federal Rules of Bankruptcy Procedure. Plaintiff otherwise incorporates the Preliminary Statement above as if fully set forth herein.

**B.  Contentions of the Parties:**

*i.  Plaintiff's contentions*

*a.  § 727(a)(4)(A)*

The evidence will show that Defendant has made numerous false oaths, both in the form of affirmative misrepresentations and misrepresentations by omission, in connection with his main bankruptcy case. Defendant's false oaths in his main bankruptcy case related to material facts. Defendant made these false oaths knowingly and fraudulently within the meaning of § 727(a)(4)(A). Each of these elements, in particular, pertain to Defendant's exemption claim in both his originally filed Schedule C, as well as in subsequent amendments thereto, with respect to $235,601.38 (the "Non-Exempt Funds"), as well as with respect to Defendant's materially defective disclosure statement.

Defendant's false oaths relate to material facts because such false oaths bear a relationship to Defendant's business transactions and bankruptcy estate, concerned the discovery of assets, business dealings, or the existence and disposition of Defendant's property. In addition, Defendant's false oaths detrimentally affected administration of Defendant's bankruptcy estate by delaying inquiries into the existence of potential assets until after various entities were dissolved at Defendant's behest.

Defendant's false oaths were made knowingly because Defendant deliberately and consciously signed his bankruptcy petition, schedules and statement of financial affairs while

knowing they included false oaths, both in the form of affirmative misrepresentations and misrepresentations by omission.

Finally, Defendant made such false oaths with fraudulent intent. Specifically, Defendant made such false oaths, at a time when Defendant knew that such statements were false, and Defendant made such false oaths with the intention and purpose of deceiving his creditors. Defendant's fraudulent intent is amply demonstrated by circumstantial evidence in Defendant's case, inferences drawn from Defendant's conduct, pattern of false statements, as well as Defendant's reckless indifference to and disregard of the truth.

 *ii. Defendant's contentions*

Through Defendant's Amended Answer, Defendant's schedule amendments that strike Defendant's exemption claim with respect to the Non-Exempt Funds, and filing and prosecution of a materially defective disclosure statement, Defendant has admitted all material facts that are necessary and sufficient to sustain Plaintiff's claim for relief against Defendant under 11 U.S.C. § 727(a)(4) and provide the Court as trier of fact with the necessary evidentiary foundation to draw reasonable inferences establishing Defendant's fraudulent intent under § 727(a)(4).

 *III. Statement as to the core, non-core jurisdiction of the Court.*

Under the operative section of the Judicial Code, the matters presented by this adversary proceeding for the Court's consideration constitute core proceedings. 28 U.S.C. § 157(b)(2)(J). "The Supreme Court has not come close to holding that an Article III judge must decide claims for which the Bankruptcy Code itself provides the rule of decision, and we will not do so here, where the parties concede that the bankruptcy judge had authority." *Wellness Int'l Network, Ltd. v. Sharif*, 727 F.3d 751, 773 (7th Cir. 2013).

Plaintiff believes this Court can enter a final judgment in this matter and, as required by LR 7008.1(a), Plaintiff has expressed her consent to entry of a final order and/or judgment in this adversary proceeding by this Court.   Defendant's Amended Answer is silent on this issue.

*IV.     Stipulated Facts*

The Parties have not yet stipulated to any facts.

*V.     Contested Issues of Law with concise memorandum of authority*

The Court's decision in this matter is guided by bedrock principles established by, and set forth in governing Circuit law.  "Denial of discharge is a harsh result. However, bankruptcy has its roots in equity. To get equity, one must do equity." *Bernard v. Sheaffer (In re Bernard)*, 96 F.3d 1279, 1283 (9th Cir. 1986).   "The continuing nature of the duty to assure accurate schedules of assets is fundamental because the viability of the system of voluntary bankruptcy depends upon full, candid, and complete disclosure by debtors of their financial affairs." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1199 (9th Cir. 2010).   As a debtor in bankruptcy, Defendant was under an affirmative obligation to share full information with the bankruptcy trustee. *Id.* at 1204 (stating, "As a debtor in bankruptcy proceedings, Retz had a duty to share full information with the Trustee, completely separate from any duty owed to the Trustee as a minority shareholder.").

With respect to § 727(a)(4)(A), "[t]o prevail on this claim, a plaintiff must show, by a preponderance of the evidence, that: "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *In re Retz*, 606 F.3d at 1197.  "A fact is material if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets,

business dealings, or the existence and disposition of the debtor's property." *Id.* at 1198 (quotation marks omitted). A debtor acts knowingly if he acts deliberately and consciously. *Id.* Finally, fraudulent intent may be established by, "by a pattern of falsity, his reckless indifference to and disregard of the truth, and demonstrated by his course of conduct." *Id.*

  VI. *Log of exhibits which may be offered in evidence, including any exhibits for impeachment or to refresh the memory of a witness (log attached).*

    Main Case (11-11642—LED): ECF Nos. 1, 25, 85, 93, 121, 134, 135, 152, 172, 174, 175, 178, 180, 183, 184, and 186.

    Adversary Proceeding (15-01051—LED): ECF Nos. 1, 5-7, 9, 13, and 18-19.

  VII. *Any special trial issues which requires the Court's attention.*

  See the Preliminary Statement, *supra*.

  VIII. *List of Witnesses*

  See Part I, *supra*.

Dated: Las Vegas, Nevada

  September 19, 2016      Respectfully submitted,

              TRACY HOPE DAVIS
              UNITED STATES TRUSTEE
            By: /s/ *Athanasios E. Agelakopoulos*
              Athanasios E. Agelakopoulos
              Attorney for the United States Trustee
              United States Department of Justice

              300 Las Vegas Blvd. South, Suite 4300
              Las Vegas, Nevada 89101
              Telephone: (702) 388-6600 ext. 224
              *athanasios.agelakopoulos@usdoj.gov*